■ HAROLD W. GOLDBERG, Respondent-Appellant, v. EDWARD ORZAC, Appellant-Respondent.— In an action by the purchaser of 40 shares of common and 37½ shares of preferred stock of a close corporation, under an agreement partially oral and partially written, for rescission because of an alleged fraudulent misrepresentation by the seller in that he had only 11½ preferred shares to convey (first cause of action), and for the recovery of the entire purchase price paid (second cause of action), the parties appeal as follows: (1) The defendant seller appeals: (a) from so much of an order of the Supreme Court, Nassau County, entered July 17, 1964, as denied item 5 of his motion for a further bill of particulars; and (b) from so much of an order of said court, entered September 22, 1964, as denied his motion to dismiss for legal insufficiency the first cause of action of the complaint. (2) The plaintiff purchaser cross-appeals, as limited by his brief, from the order of September 22, 1964 insofar as it failed to direct an immediate trial, pursuant to CPLR 3211 (subd. [c]), of the issues presented on his cross motion for summary judgment. Orders, insofar as appealed from by the respective parties, affirmed, without costs. In said item 5 the seller demanded that the purchaser state what he (the purchaser) claims to be the value per share of the stock, and the amount of claimed damage attributed by him to the alleged deficiency in the number of preferred shares. In view of the basis of this action, the information sought is not material to its defense; hence, the defendant seller is not entitled to such information by way of a bill of particulars. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.